UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HECTOR TIUL CAAL, | CASE NO. C26-1295-KKE |
| Petitioner(s), | ORDER DENYING HABEAS PETITION |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent(s). | |

Petitioner has been in immigration detention since December 2025 and, proceeding *pro se*, filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241 in April 2026.  Dkt. No. 4.  Petitioner was ordered removed on April 29, 2026, and the Government notified him of its intent to remove him to Guatemala on April 30, 2026.  Dkt. No. 10 ¶ 7, Dkt. No. 7.  With both parties waiving appeal, the order of removal became administratively final on April 29, 2026.  Dkt. No. 10 ¶ 7, Dkt. No. 11-2 at 5.  Because Petitioner is now subject to a final order of removal and 8 U.S.C. § 1231(a)(2) authorizes mandatory detention, the Court will deny his habeas petition.

## I.  BACKGROUND

Petitioner Hector Tiul Caal is a citizen of Guatemala who entered the United States on an unknown date at an unknown location without being admitted or paroled.   Dkt. No. 10 ¶ 3.  On December 28, 2025, Petitioner was detained by U.S. Border Patrol agents "during a targeted enforcement operation" after U.S. Border Patrol "previously identified Petitioner as being present

ORDER DENYING HABEAS PETITION - 1

in the United States in violation of immigration law." *Id.* ¶ 3.  The same day, Petitioner was issued a Notice to Appear charging him as removable under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and placed in removal proceedings.  *Id.* ¶ 5.  On December 30, 2025, Petitioner was transported to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. *Id.* ¶ 6.  On March 12, 2026, Petitioner filed a habeas petition which the Honorable Tiffany M. Cartwright granted.  Dkt. No. 8 at 3.  Judge Cartwright held that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a) and ordered that he be provided a bond hearing. *Id.*  On April 2, 2026, in line with Judge Cartwright's order, Immigration Judge Tammy Fitting held a bond hearing, and denied Petitioner bond.  *See* Dkt. No. 11-1 at 2–3.  As such, Petitioner remained in custody at NWIPC.

On April 28, 2026, after resolving a filing deficiency, Petitioner's habeas petition in this matter was deemed filed.  Dkt. No. 4.

On April 29, 2026, Immigration Judge Ferdinand Ortiz ordered Petitioner removed to Guatemala.  Dkt. No. 11-2 at 2–5.  Both parties waived appeal of the removal order.  *Id.* at 5.  On April 30, 2026, the Government notified Petitioner and the Court of its intent to remove Petitioner to Guatemala.  Dkt. Nos. 7, 7-1.  On May 7, 2026, Petitioner was transported from NWIPC to Florence, Arizona where he awaits final removal.  Dkt. No. 10 ¶ 8.

The habeas petition is now ripe for the Court's consideration, and the Court will deny it for the following reasons.[1]

---

[1] Although Petitioner has been transferred to Florence, Arizona, the Court retains jurisdiction over his habeas petition, which was filed before the transfer took place.  *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (explaining that a court's jurisdiction "is not destroyed by a transfer of the petitioner" after a petition for a writ of habeas corpus has been filed).

ORDER DENYING HABEAS PETITION - 2

## II. ANALYSIS

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id*. § 1231(a)(6). However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699.

Petitioner filed a form petition which asserts he is subject to discretionary detention under 8 U.S.C. § 1226(a), rather than mandatory detention. *Id.* 4 at 3–4. Accordingly, Petitioner argued that he should be "release[d] on bond or upon conditions." *Id.* at 4. The form petition also raised due process concerns. *See id.* at 5. Although 8 U.S.C. § 1226(a) may have governed his detention prior to the IJ's issuance of a final removal order, "[o]nce [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Petitioner therefore remains subject to

ORDER DENYING HABEAS PETITION - 3

mandatory detention pursuant to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(2)(A). Accordingly, Petitioner's contention that he is not subject to mandatory detention fails.  Dkt. No. 4 at 3–4.  Petitioner's due process claims also fail, as a noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final.  *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004).  Because Petitioner has not been detained for 90 days since his removal order became final, he has no colorable claim for release under the Due Process Clause.

Because Petitioner articulates no other basis for the relief he requests, and because the Court has explained why it finds that he has not shown that he "is in custody in violation of the Constitution or laws or treaties of the United States" (28 U.S.C. § 2241), the Court will deny the petition.

### III.   CONCLUSION

Petitioner's habeas petition is DENIED.  Dkt. No. 4.  The Clerk is directed to mail a copy of this Order to Petitioner at the detention center in Florence, Arizona.

Dated this 20th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING HABEAS PETITION - 4